UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NESYA SHAPIRO BLUE,

            Plaintiff,

  - against -

AMAZON.COM, INC., and
IMDB SERVICES, INC.

            Defendants.
------------------------------------------------------------x

No. 07 Civ. ___ (___)

**NOTICE OF REMOVAL**

      Defendants Amazon.com, Inc. ("Amazon.com") and IMDB Services, Inc. ("IMDB"), by its undersigned attorneys, hereby remove the above-captioned action to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, on the following grounds:

      1.    On August 15, 2007, a civil action was commenced by Plaintiff Nesya Shapiro Blue in the Supreme Court of the State of New York, County of New York, styled *Nesya Shapiro Blue v. Amazon.com, Inc. and IMDB Services, Inc.*, Index No. 07/111182 (the "State Action"). Defendant IMDB was served with a Summons and Complaint on August 17, 2007. Defendant Amazon.com was served with a Summons and Complaint on August 23, 2007. A copy of the Summons and Complaint is attached hereto as Exhibit A.

      2.    This Notice of Removal is being filed within thirty days of receipt by Defendants of the initial pleading setting forth the claims upon which the State Action is based, as required by 28 U.S.C. § 1446(b).

      3.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and the parties in interest are of diverse citizenship.

4. In the State Action, Plaintiff asserts claims against Defendants sounding in per se defamation/libel; intentional infliction of emotional distress; violations of New York Civil Rights Sections 50 and 51; and injurious falsehood. Because Plaintiff is seeking damages in the amount of $250,000 for damages, plus punitive damages in the amount of $1,900,000 or five cents for each subscriber, plus interest, attorneys' fees and the costs of this action, this action meets the amount in controversy prerequisite of 28 U.S.C. § 1332.

5. In addition, the citizenship of the parties in interest is completely diverse. Plaintiff Nesya Shapiro Blue is a citizen of the state of New York. Defendants Amazon.com and IMDB are corporations organized under the laws of the state of Delaware, with principal places of business in Washington.

6. Written notice of this Notice of Removal shall promptly be given to Plaintiff and shall be filed, along with a copy of the Notice of Removal, with the Clerk of the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants pray that the above-captioned action be removed, without waiver of procedural or substantive defenses, from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
       September 5, 2007

                                    FRIEDMAN KAPLAN SEILER &
                                    ADELMAN LLP

                                    By: _____
                                        Robert D. Kaplan
                                        Hallie B. Levin
                                        Jeffrey R. Wang
                                        1633 Broadway
                                        New York, New York 10019
                                        Tel: (212) 833-1100
                                        Fax: (212) 833-1250

                                    *Attorneys for Defendants Amazon.com, Inc. and
                                    IMDB Services, Inc.*

TO:
Michael Korsinsky, Esq.
LAW OFFICES OF MICHAEL KORSINSKY
39 Broadway, Suite 1601
New York, New York 10006
Tel: (646) 432-0704

*Attorney for Plaintiff*

3

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
NESYA SHAPIRO BLUE,

                              Plaintiff,

      -against-

AMAZON COM, INC , and
IMDB SERVICES, INC ,

                              Defendant
------------------------------------------------------------X

Index No. 711182/07
Date Filed: 8/15/07
**SUMMONS**

Plaintiff's Place of
Business Address:
520 West 43rd Street
New York, New York

The basis of the venue
designated is: CPLR 503

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer; or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the State, or within thirty (30) days after completion of service where service is made in any other manner In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: August 8, 2007
       New York, New York

                                    LAW OFFICES OF MICHAEL KORSINSKY
                                    Attorneys for Plaintiff

                                    By: _____
                                         Michael Korsinsky
                                    39 Broadway, Suite 1601
                                    New York, NY 10006
                                    (646) 432-0704

NEW YORK
COUNTY CLERK'S OFFICE

AUG 15 2007

NOT COMPARED
WITH COPY FILE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
NESYA SHAPIRO BLUE,

      Plaintiff,      Index No.

  - against-

               VERIFIED COMPLAINT

AMAZON.COM, INC., and
IMDB SERVICES, INC.
      Defendants.
------------------------------------------------------------X

  Plaintiff, Nesya Shapiro Blue, by her attorneys, Law Offices of Michael Korsinsky, as and for her verified complaint against defendants, alleges as follows:

## THE PARTIES

1. Plaintiff Nesya Shapiro Blue, ("Plaintiff" or "Blue") is, and at all times herein was, an individual with a place of residence at 520 West 43rd Street, New York, New York, in the county of New York.

2. Upon information and belief, defendant Amazon.com, Inc. ("Amazon"), is, and at all times herein, has been a Delaware corporation doing business in the State of New York.

3. Upon information and belief, defendant IMDB Services, Inc. ("IMDB Services"), is, and at all times herein, has been a Delaware corporation doing business in the State of New York.

## FACTUAL BACKGROUND

a. The IMDB.COM Website

4. Defendant Amazon operates a website known as *www.imdb.com* which, as described by Amazon, is a "comprehensive movie database" (the "Website" or "IMDB").

NEW YORK
COUNTY CLERK'S OFFICE

AUG 1 5 2007

NOT COMPARED
WITH COPY FILE

5. Upon information and belief, the website is also operated and/or run by defendant IMDB Service, Inc.

6. The Website provides a wealth of information on thousands, if not millions, of films, their producers, directors, cast and members and other persons affiliated with the film and television industry.

7. Specifically, the Website provides detailed credit information of persons in the film industry.

8. Upon information and belief, the Website has become the clearinghouse to obtain information about actors, producers, directors and others in the film industry.

9. Indeed, the Website even permits users, for a fee, to post their resumes at the Website for actor and crew positions because the Website is boasted as being frequently visited by "key-industry decision-makers."

10. According to the Website, IMDB is "visited by over 50 million movie and television lovers each month" and has over "38 million visitors, including key industry decision-makers."

11. As a result, IMDB is a key source of information for those in the motion picture film and television industries.

12. Upon information and belief, key persons in the film industry rely on the information on IMDB in making decisions regarding the production of their movie and television products, particularly with respect to making hiring decisions.

b. Plaintiff's Film Career

13. Plaintiff has been a working professional in the film industry since 1974, in the capacity of Producer, Director, Cinematographer, as well as First Assistant Director and Co-Producer.

2

14  Ms. Blue has worked on documentaries, feature films, commercials, corporate films, and music videos for clients including the British Broadcasting Corporation ("BBC"), Paramount Pictures, National Geographic, the National Film Board of Canada, the Smithsonian Institutation, PBS as well as others. She has photographed celebrities, royalty, politicians, and public figures on assignments requiring top security clearance. Ms Blue has never worked on any pornographic film or video projects. In fact, Ms. Blue worked on a documentary for the BBC on the work of the writer and anti-pornography activist Andrea Dworkin, titled "Against Pornography." This television documentary dealt with the feminist anti-pornography movement; constitutional and issues of free speech.

15. For obvious reasons, association with the pornography world has material and devastating effects upon the film career of a mainstream filmmaker such as Ms. Blue.

16. IMDB lists credits for Blue on their website.

17. Blue's list of credits on IMDB is incomplete and most importantly contains false and misleading information about Blue that has had devastating effects upon Ms. Blue's professional and personal reputations.

c. Improper Credit in Dreams of Candace Hart (1991) and Fantasy in Blue (1991)

18. IMDB "credits" plaintiff as Director of two adult hard core films entitled "Dreams of Candace Hart (1991)" and "Fantasy in Blue (1991)".

19. Moreover, Defendants falsely attribute plaintiff as "Nesya and/or Nancy Shapiro" as part of "Dreams of Candace Heart."

20. Upon information and belief, there is a person named "Nancy Blue" who has directed the pornographic films "Dreams of Candace Hart" and "Fantasy in Blue." This person is not the plaintiff.

3

21. However, IMDB has combined both Plaintiff Nesya Shapiro Blue's credits with those of "Nancy Blue" who has directed hard core "adult" porn films under the same heading and on the same listing on IMDB, without making any indication that they are two different people in two very different genres of the motion picture industry, despite Plaintiff's repeated emails and letters seeking to correct the listing.

d. Plaintiff's Devastating Reputational Damages

22. Plaintiff first learned that IMDB "credited" her with directing pornographic films while attempting to seek employment in the motion picture industry.

23. Plaintiff lost many employment and business opportunities after prospective employers learned of her alleged ties to the pornographic industry from defendants. Indeed, plaintiff lost key prospective employment positions as a result of defendants' misconduct.

24. Directors and producers of the mainstream film industry take great pains to distance themselves from Ms. Blue, both professionally and socially because of their mistaken belief of Ms. Blue's alleged ties with porn "adult" films.

25. As a direct result of the false statements on the Website, Plaintiff lost several contracts and business opportunities worth well over $250,000.

26. Not surprisingly, Blue's personal reputation has been severely tarnished because of defendants' misconduct.

27. As a result of defendant's false statements on their website, Blue suffered damages to her professional and personal reputations.

e. Defendants' refusal to correct the errors on the Website

28. Upon learning of IMDB's errors, plaintiff promptly notified defendants of their errors and requested that defendants correct the errors on the Website promptly.

4

29. In fact, plaintiff attempted to notify defendants of their errors by sending notices of errors and omissions via defendants' Errors and Omissions email system on the Website.

30. Defendants ignored plaintiff's requests.

31. Then, on December 28, 2006, plaintiff's attorney, Abe Michael Shainberg, Esq., sent a certified letter to defendant's attorneys again requesting that defendants' correct Plaintiff's credit listing on the IMDB website.

32. Again, defendants ignored plaintiff's pleas to correct the Webiste.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Per Se Defamation/Libel)

33. Plaintiff repeats and realleges each allegation contained in paragraphs "1" through "32", with the same force and effect as if more fully set forth herein.

34. Defendants maliciously published false, misleading and injurious statements of fact concerning plaintiff on their Website that allegedly has over 38 million subscribers.

35. Such publication implied in no uncertain terms that Plaintiff is involved in porn "adult" films and that she directed porn adult films.

36. Defendants were grossly negligent and made the false and misleading statements with malice and recklessness.

37. As a result of injury to Blue's reputation, Blue lost several motion picture positions and business opportunities worth over $250,000.

38. Accordingly, Plaintiff has been damaged in excess of $250,000 plus punitive damages in the amount of $1,900,000 or five cents for each subscriber, plus costs, attorneys fees and interest.

5

39. Plaintiff also seeks permanent injunctive relief in the form of defendants removing the false offensive statements from the Website and issuing correction notices on the Website.

### AS AND FOR A SECOND CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

40. Plaintiff repeats and realleges each allegation contained in paragraphs "1" through "39", with the same force and effect as if more fully set forth herein.

41. Defendants intentionally caused, instigated, participated, and/or caused others to engage in extreme, outrageous and highly disturbing behavior with the intent to cause, or disregard of a substantial probability of causing, severe emotional distress, and did in fact cause severe emotional distress to plaintiff.

42. Specifically, Defendants published false and highly defamatory statements regarding plaintiff to more than 38 million subscribers world-wide, instigated, participated, and/or caused others to refrain affiliation with plaintiff.

43. As a result of such conduct, plaintiff's social and professional life have been severely impaired, depriving plaintiff from effectively functioning in the film industry.

44. As a result, Plaintiff has been damaged in excess of $250,000 plus punitive damages in the amount of $1,900,000 or five cents per subscriber, plus costs, attorneys fees and interest.

### AS AND FOR A THIRD CAUSE OF ACTION
(Violations of New York Civil Rights Sections 50 and 51)

45. Plaintiff repeats and realleges each allegation contained in paragraphs "1" through "44", with the same force and effect as if more fully set forth herein.

46. Defendants misappropriated plaintiff's name, portrait and/or picture by associating Plaintiff with "adult" porn film productions when in fact plaintiff was not affiliated with such films.

47. As a result, Plaintiff seeks damages in excess of $250,000 plus punitive damages in the amount of $1,900,000 or five cents per subscriber, plus costs, attorneys fees and interest, and injunctive relief removing the improperly use of Plaintiff's name, image and/or pictures from the Website.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Injurious Falsehood)

48. Plaintiff repeats and realleges each allegation contained in paragraphs "1" through "47", with the same force and effect as if more fully set forth herein.

49. Defendants intentionally published false, misleading and injurious statements of fact concerning plaintiff on their Website that allegedly has over 38 million subscribers.

50. Defendants made such publishing maliciously and in reckless disregard of the truth or falsity.

51. As a result, plaintiff was injured. Plaintiffs' injuries include but are not limited to not losing several motion picture employment and business opportunities worth over $250,000 as a direct result of Defendants' false statements on their Website.

52. Accordingly, Plaintiff has been damaged in excess of $250,000 plus punitive damages in the amount of $1,900,000, or five cents per subscriber, plus costs, attorneys fees and interest.

WHEREFORE, plaintiff respectfully demands judgment:

(a) On the first, second, third and fourth causes of action, requiring defendant to pay plaintiff sum of $250,000 for damages, plus punitive damages in the amount of $1,900,000 or five cents for each subscriber, plus costs, attorneys fees and interest;

(b) On the first and third causes of action, ordering a permanent injunction in the form of requiring defendants to permanently remove the false offensive statements from their websites and issuing correction notices on the Website.

(c) Providing plaintiff with such other and further relief as this Court may deem just and proper.

Dated: August 8, 2007
      New York, New York

**LAW OFFICES OF MICHAEL KORSINSKY**
Attorneys for Plaintiff

By: *[signature]*
_____
Michael Korsinsky
39 Broadway, Suite 1601
New York, NY 10006
(646) 432-0704

8

## VERIFICATION

STATE OF NEW YORK   )
                                         ) ss.:
COUNTY OF NEW YORK )

NESYA SHAPIRO BLUE, being duly sworn, says she is the plaintiff in this proceeding and that she has reviewed the forgoing Verified Complaint and it is true as to her own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters she believes them to be true.

_____
NESYA SHAPIRO BLUE

Sworn to before me this
7th day of August, 2007

_____
Notary MICHAEL KORSINSKY
Notary Public, State of New York
No. 02KO6083966
Qualified in Kings County
Commission Expires Nov. 25, 2010

9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
NESYA SHAPIRO BLUE,                              :
                                                 :   Index No. 07/111182
              Plaintiff,               :
                                                 :   **NOTICE OF FILING OF**
    - against -                                :   <u>**NOTICE OF REMOVAL**</u>
                                                 :
AMAZON.COM, INC., and                            :
IMDB SERVICES, INC.                              :
                                                 :
              Defendants.              :
------------------------------------------------------------x

TO THE CLERK OF THE SUPREME COURT OF THE STATE OF NEW YORK, NEW YORK COUNTY, AND TO PLAINTIFF NESYA SHAPIRO BLUE, BY HER ATTORNEY OF RECORD:

       PLEASE TAKE NOTICE that a Notice of Removal of the above-captioned action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York, a true and correct copy of which is attached hereto, was duly filed in said United States District Court on September 5, 2007. This Notice is made pursuant to 28 U.S.C. § 1446(d), which provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

507721.1

Dated: New York, New York
September 5, 2007

FRIEDMAN KAPLAN SEILER &
ADELMAN LLP

By: ______________________
Robert D. Kaplan
Hallie B. Levin
Jeffrey R. Wang
1633 Broadway
New York, New York 10019
Tel: (212) 833-1100
Fax: (212) 833-1250

*Attorneys for Defendants Amazon.com, Inc. and IMDB Services, Inc.*

TO:

Clerk of the Court
Supreme Court of the State of New York
New York County
60 Centre Street
New York, New York 10013

Michael Korsinsky, Esq.
LAW OFFICES OF MICHAEL KORSINSKY
39 Broadway, Suite 1601
New York, New York 10006
Tel: (646) 432-0704
*Attorney for Plaintiffs*